GULOTTA, Judge.
Defendants Jack Weiss and Gus Mayer, Inc., appeal from a judgment in favor of plaintiff for injuries sustained in God-chaux’s Department Store when plaintiff was knocked to the floor after having been struck by Jack Weiss when he slipped and fell to the floor. We reverse.
The suit was initially directed against Godchaux’s as well as against defendant Weiss. However, a settlement was made with Godchaux’s. Therefore, only Weiss and Gus Mayer are before us. In the judgment for plaintiff in the sum of $3,380.03 against defendants Weiss and Gus Mayer, the trial judge reduced the amount of the award and costs to the extent of one half based on the settlement and release by plaintiff with Godchaux’s.
On appeal defendants contend the cause of the accident and injury to plaintiff was the wet Godchaux’s floor caused by rain and dampness on the day of the accident and was not caused by the negligence of Jack Weiss. Weiss claims that his shoes were wet from the rain, and that he had entered the store and had walked a “very few feet” when he slipped on the wet floor.
Plaintiff contends that Weiss was negligent in hurriedly walking through the store to catch a plane despite the fact that his shoes were wet. Plaintiff claims that this combination of circumstances, not the lease of which was the rapid walking of defendant through the store, contributed to Weiss’s fall which knocked plaintiff to the floor. In answer to the appeal plaintiff maintains that the sole and proximate cause of the accident and injury was the negligence of Weiss and not that of God-chaux’s.
*599 Based on this argument, plaintiff seeks to reverse that part of the judgment which reduces the amount of the award against Weiss to the extent of one half, and alternatively, plaintiff seeks to reverse that part of the judgment which reduces the costs, interests and expert fee in the sum of $100.00 to the same extent.
The trial judge in his reasons for judgment stated “that Mr. Weiss may have 'been a somewhat innocent victim of circumstances, in that he slipped and fell in Godchaux’s department store.” He then went to state that he would have little difficulty in awarding reimbursement and indemnification to Weiss from Godchaux’s had Weiss sought reimbursement.[1] Apparently, the trial judge was of the opinion that Godchaux’s was negligent and that Weiss was not. Nevertheless, he said in written reasons that since Godchaux’s was not a party to the suit and since no third party complaint was made by Weiss against Godchaux’s, a judgment of indemnification in favor of Weiss and against Godchaux’s could not be rendered.
Although not in agreement with the result reached by the trial judge, we are in accord with his reasoning when he stated Weiss “may have been a somewhat innocent victim of circumstances.” It is not disputed that defendant’s wet shoes, caused by the dampness and rain, contributed to the slip and fall. However, a dispute exists regarding whether Weiss was hurriedly walking through the store immediately prior to the slip and fall. The trial judge made several findings of fact including the following:
“It had been raining hard at the time. Mr. Weiss’s shoes (soles) were wet. The smoothness of the floor surface, the dampness and the wetness of Mr. Weiss’s shoes all contributed to and caused him to slip. As he slipped down, his feet hit the plaintiff’s feet and caused her to fall.”
It is significant that the trial judge did not make a finding of fact that Weiss was walking through the store in a hurried manner. More credibility, apparently, was placed by the judge on the testimony of defendant Weiss than on the unconvincing and uncorroborated statement of a witness friend of the plaintiff who stated she was in the store at the time of the accident and that Weiss “passed her in a hurry.” Plaintiff did not see Weiss before the accident.
We fail to find from the record any negligence on the part of Weiss. It is clear that defendant’s fall caused the injury. However, proof of causation in the instant case without proof of negligence is not sufficient to compel defendant to respond in damages.
Plaintiff’s claim neither falls into the category of res ipsa loquitur or recovery based on fault without negligence.[2] Plaintiff must show negligence on the part of Weiss which was a proximate cause of the accident. She failed to do so. The judgment is reversed. Accordingly, the judgment in favor of plaintiff and against defendants Jack Weiss and Gus Mayer is set aside. Judgment is now rendered dismissing plaintiff’s suit at her cost.
Reversed and rendered.

. It is defendant’s position that upon release of a solidary debtor with full reservation against the other party, no claim existed against Godchaux’s upon which Weiss could have a claim for indemnification and/or contribution. Defendant relies on Harvey v. Travelers Insurance Company, 163 So.2d 916 (La.App.3rd Cir. 1964).

. Langlois v. Allied Chemical Corporation, 258 La. 1067, 249 So.2d 133 (1971).